United States District Court
Southern District Of Texas
FILED

FEB 2 8 2020

David J. Bradley, Clerk

United States District Court
Southern District of Texas
**ENTERED**
March 02, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **IME OKON EKWERE** | § | |
| | § | |
| **Petitioner,** | § | |
| VS. | § | **CIVIL ACTION NO. 7:19-CV-0092** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division** | § | |
| | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

On October 3, 2019, Respondent filed a motion for summary judgment, asserting the statute of limitations under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Dkt. No. 8). A response from Petitioner was received on October 30, 2019. (Dkt. No. 14). After a careful review of the record and relevant law, the undersigned respectfully recommends that Respondent's motion for summary judgment (Dkt. No. 8) be **GRANTED**, that Petitioner's § 2254 motion (Dkt. No. 1) be **DENIED**, and that Petitioner's claims be **DISMISSED** with prejudice. It is further recommended that a Certificate of Appealability be **DENIED** and that the case be closed.

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 30, 2014, a Grand Jury in Harris County, Texas, returned an indictment charging Petitioner with theft of over $20,000 and under $100,000, in violation of Texas Penal Code § 31.03. (Dkt. No. 9-1 at 5). Petitioner entered a plea of guilty on January 12, 2015. (Dkt.

No. 9-1 at 18).  Pursuant to the plea agreement, Petitioner would plead guilty to theft and the State would recommend a sentence of imprisonment of 10 years.  (*Id.*).  The signed plea forms also include a document entitled "Advice of Defendant's Right to Appeal" wherein Petitioner acknowledged that a guilty plea would waive his right to appeal his conviction unless the trial court granted him permission to do so.  (*Id.* at 26).  The 232nd District Court of Harris County, Texas, imposed its sentence on January 12, 2015, and ordered that Petitioner serve 10 years imprisonment in the custody of the institutional division of the Texas Department of Criminal Justice ("TDCJ") and pay restitution in the amount of $29,678.  (*Id.* at 27).[1]

On January 26, 2015, Petitioner filed a Notice of Appeal, without first receiving permission to appeal from the trial court.  (Dkt. No. 9-1 at 31).  The Court of Appeals for the First District of Texas issued a Memorandum Opinion on April 14, 2015, dismissing the appeal for want of jurisdiction and noting that under Texas law, in a plea bargain case, "a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal."  (Dkt. No. 9-3 at 2).  Petitioner did not file a petition for discretionary review.  (*See* Dkt. No. 9-19 at 8).

On August 22, 2017,[2] Petitioner filed a writ of habeas corpus in state trial court alleging ineffective assistance of counsel on the following grounds: (i) failure to investigate his case and

---

[1] On November 6, 2019, a letter was received from Respondent providing the Court with an exhibit.  (Dkt. No. 15).  The undersigned has reviewed this exhibit and notes that it is a copy of the judgment of conviction which is already reproduced in Dkt. No. 9-1 at 27-28, except that this copy of the judgment of conviction also contains information regarding when Petitioner's direct appeal was dismissed and the mandate issued.  (Dkt. No. 15 at 3).  Petitioner provides no reasons for the import of this exhibit.

[2] The Fifth Circuit has held that "under Texas law the pleadings of pro se inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court." *Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013).  Thus, this date is taken from Petitioner's signature block on his state habeas petition. (Dkt. No. 9-19 at 92).  The undersigned notes, however, that the Harris County District Clerk did not receive and file the state habeas petition until November 16, 2017.  (Dkt. No. 9-19 at 145).

interview witnesses; (ii) failure to object to the trial court's issuance of a restitution order as a condition of parole; (iii) failure to properly advise Petitioner of his sentencing exposure; (iv) failure to object that there was insufficient evidence to support conviction; and (v) failure to file a motion to suppress Petitioner's involuntary confession. (Dkt. No. 9-19 at 11-19). The state of Texas filed its answer on December 6, 2017, and argued that none of the alleged grounds of ineffectiveness entitled Petitioner to habeas corpus relief. (Dkt. No. 9-19 at 147).

On August 24, 2018, Petitioner filed an application for leave to file a writ of mandamus in the state trial court, seeking to compel the trial court to forward his writ of habeas corpus to the Texas Court of Criminal Appeals ("TCCA"). (Dkt. No. 9-19 at 200). On August 31, 2018, while his state habeas petition was still pending, the state trial court dismissed Petitioner's petition for a writ of mandamus for lack of jurisdiction because only the TCCA, and not the trial court, has jurisdiction over post-conviction habeas corpus proceedings. (Dkt. No. 9-19 at 198). On September 27, 2018, the TCCA issued an order in which it noted that the state had failed to timely forward Petitioner's application for writ of habeas corpus to the TCCA and held Petitioner's application for leave to file a writ of mandamus in abeyance until the State submitted the appropriate response. (*Id.* at 218).[3]

In response to the order from the TCCA, on October 10, 2018, the state trial court ordered the clerk of that court to prepare and transmit the appropriate habeas transcript. (Dkt. No. 9-19 at 225). Cynthia J. Cline, Petitioner's trial counsel, filed an affidavit responding to Petitioner's claims of ineffectiveness on October 15, 2018. (Dkt. No. 9-19 at 230). On November 21, 2018, the TCCA denied Petitioner's application for writ of habeas corpus without written order. (Dkt.

---

[3] Under Texas law, Petitioner was not required to file his habeas application directly with the TCCA. It is the district clerk's responsibility to forward the writ record to the TCCA, including the application. Tex. R. App. P. 73.4.

No. 9-14 at 1).  On December 20, 2018, Petitioner filed a motion with the TCCA asking that he receive written reasons for the denial of his application for writ of habeas corpus.  (Dkt. No. 9-16 at 1).  This motion was subsequently denied on January 7, 2019.  (*Id.*).

## II.   SUMMARY OF THE PLEADINGS

Petitioner filed the instant § 2254 petition on February 21, 2019.  (Dkt. No. 1 at 10).[4] Petitioner raises five claims in his § 2254 petition.   Petitioner argues that his counsel was ineffective on the following grounds: (i) failure to investigate his case and interview witnesses; (ii) failure to correctly advise of applicable punishment range; (iii) failure to timely communicate the State's plea offer, allowing it to lapse; (iv) failure to contest the sufficiency of the evidence; and (v) failure to move to suppress Petitioner's involuntary confession. (Dkt. No. 1 at 11-18).[5] Respondent filed its Motion for Summary Judgment on October 3, 2019, arguing that the petition is time barred by AEDPA's one-year statute of limitations.  (Dkt. No. 8).  A response from Petitioner was received on October 30, 2019, arguing that he is entitled to tolling of the statute of limitations on equitable grounds.  (Dkt. No. 14).

## III.   TIMELINESS

### A. One-Year Limitations Period

Pursuant to 28 U.S.C. § 2254, as amended by the AEDPA, a state prisoner has one year to petition a federal district court for a writ of habeas corpus.  Section 2244 of AEDPA states, in pertinent part, that:

---

[4] This date is taken from Petitioner's signature block. (Dkt. No. 1 at 10). "[P]ro se prisoners' filings are governed by the mailbox rule.  Thus, they are deemed filed as soon as the pleadings have been deposited into the prison mail system." *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011).

[5] The claims in Petitioner's state and federal habeas petitions are substantially similar.  However, in his state petition, Petitioner complains of a void restitution order, and in his federal petition, Petitioner complains of counsel's failure to communicate a plea offer. (Dkt. Nos. 9-19 at 83; 1 at 14).  Neither of these claims is found in both petitions.  Because the undersigned concludes that Petitioner's habeas petition is time barred, the issue of exhaustion need not be addressed.

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B. Petitioner's § 2254 Petition Is Untimely

In analyzing timeliness under AEDPA, a judgment becomes final "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)). The First Court of Appeals of Texas affirmed Petitioner's conviction on April 14, 2015. Petitioner had 30 days to file a petition for discretionary review ("PDR") with the TCCA. *See* Tex. R. App. P. 68.2(a). He failed to do so. Thus, Petitioner's conviction became final on May 14, 2015, upon expiration of his time to file a PDR. *See Roberts*, 319 F.3d at 694 (finding that the one-year AEDPA statute of limitations begins to run for a Texas conviction "when the thirty-day period for filing a petition for discretionary review in state court ended.") (citing Tex. R. App. P. 68.2(a)).

Petitioner had until Monday, May 16, 2016—one year after his judgment became final—to file a § 2254 petition.[6] Since Petitioner filed his state habeas petition on August 22, 2017, after the AEDPA statute of limitations expired, his state habeas petition failed to toll the AEDPA clock. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

### C. Petitioner Is Not Entitled to Any Alternative Limitations Periods

Here, Petitioner does not allege that the state imposed an unconstitutional impediment to the filing of his petition for federal relief or that the Supreme Court has announced a new rule applicable to his claim. *See* § 2244(d)(1)(B); § 2244(d)(1)(C). Nor does Petitioner allege that some newly discovered factual predicate justifies an alternative date of commencement of the one-year limitations period. *See* § 2244(d)(1)(D). Thus, no alternative triggering provision applies. *See, e.g., Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998).

Petitioner waited until February 21, 2019, to file his present § 2254 petition, well after his judgment became final in state court. *See* § 2244(d)(1)(A). Consequently, Petitioner's § 2254 is time-barred absent equitable tolling.

### D. Petitioner Is Not Entitled to Equitable Tolling Because No Extraordinary Circumstance Prevented the Timely Filing of His § 2254 Petition

The AEDPA limitations period may be equitably tolled in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Because the AEDPA statute of limitations is not a jurisdictional bar, the doctrine of equitable tolling may apply to an untimely petition or claim. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks and citation omitted).

---

[6] Technically, Petitioner's one year expired on May 14, 2016. However, because that date falls on a Saturday, his last day to file would expire on the following business day. *See* Fed. R. Civ. P. 6(a)(1).

Only "reasonable diligence," not "maximum feasible diligence," is required. *Id.* at 653. Equitable tolling is considered on a case-by-case basis. *Id.* at 649. The party seeking the benefit of equitable tolling bears the burden of showing that the doctrine applies. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). A "garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

In the present case, Petitioner asserts that he is entitled to equitable tolling for several reasons; none of which are sufficient. Most of his claims fail because they only concern delays prior to the date his conviction became final or after the date by which he needed to file his § 2254 petition. For example, Petitioner asserts that he is entitled to equitable tolling because he received erroneous advice regarding his ability to file a direct appeal, and because he was not provided the evidence against him as he had requested. (Dkt. No. 14 at 3); (*see* Dkt. No. 14-1 at 4) (a letter Petitioner sent to his attorney prior to his guilty plea). However, no delays *prior* to the expiration of the time to file a PDR in state court is relevant to the equitable tolling inquiry. This is because equitable tolling only applies to AEDPA's one-year statute of limitations period. *Davis*, 158 F.3d at 811. In the instant case, the statute of limitations period did not begin to run until the expiration of the time Petitioner had to file a PDR in state court, when his conviction became final. *Roberts*, 319 F.3d at 694. Thus, no delay prior to the finality of Petitioner's conviction, no matter how long, could equitable toll the AEDPA statute of limitations period.

Neither are any delays *after* the expiration of the AEDPA one-year period of limitations relevant. For example, Petitioner points to the delay of the state trial court in transmitting the habeas application and transcript to the TCCA and his trial counsel's alleged delay in filing an affidavit. (Dkt. No. 14 at 4). As noted by the TCCA, the trial court did fail to timely forward Petitioner's habeas application and transcript. (Dkt. No. 9-19 at 217). However, no delays in

Petitioner's state habeas corpus proceedings entitle him to equitable tolling because his state habeas petition was not filed until after the one-year AEDPA period of limitations had expired. *Scott*, 227 F.3d at 263 ("[Petitioner's] state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired.").

In his response to Respondent's Motion for Summary Judgment, Petitioner makes the following statements which, if substantiated, might have affected Petitioner during the germane time period:

- Petitioner states that "[b]efore filing his article 11.07, petitioner wrote to Harris County District Clerk for free copies of court transcript of his case. Harris County District Clerk responded that they no longer offer free copies but for a fee he can obtain what documents he wanted. Petitioner is indigent, could not pay for copies." (Dkt. No. 14 at 2).

- Petitioner alleges that his trial counsel lost his "case file," delaying him in filing his state habeas corpus application. (*Id.* at 3).[7]

- Petitioner states that "[p]rison is a difficult environment. A prisoner cannot go to the prison law library whenever he wanted to, only when the institution schedule allows him to. Inadequate library resources like out dated books, inadequate time for law library session. As a matter of fact I have legal materials here in storage I am not able to retrieve after sending two messages to storage manager and Warden." (*Id.*).

- Petitioner also implies that his lack of legal skill or knowledge justify equitable tolling. (*Id.*).

---

[7] In support of equitable tolling, Petitioner states that he requested "transcripts," "evidence," his "case file," and copies of court orders, namely, findings of fact and conclusions of law as to the denial of his state habeas petition. (Dkt. No. 14 at 2-5). The undersigned will treat the transcripts and the case file, or evidence, separately because Petitioner makes clear that each type of document was requested from a different source, namely the trial court clerk of court and his attorney, respectively. The undersigned will assume that "evidence" and Petitioner's "case file" refer to the same set of documents; Petitioner does not provide any information or make any allegations that would indicate otherwise. Furthermore, the undersigned will not separately address the allegation that Petitioner did not timely receive court orders. Unlike the allegations involving transcripts, evidence, and his case file, Petitioner is clear that he did not request the relevant court orders until "[a]fter petitioner's writ of habeas corpus was denied by [the] trial court." (Dkt. No. 14 at 2). Thus, no delay by the state courts in providing Petitioner his state habeas documents is dispositive for the equitable tolling analysis. Put another way, even if the undersigned were to completely excuse the delay between the filing of Petitioner's state and federal habeas petitions, his federal petition would still be time barred under AEDPA.

i.    *Delay in Obtaining Transcripts*

The undersigned cannot discern from the record any particular instances when Petitioner requested transcripts from the District Clerk of Harris County, nor can it be discerned when exactly such transcripts were sent to Petitioner, if ever.  However, even assuming that Petitioner requested free transcripts prior to the expiration of the one-year statute of limitations and the receipt of such transcripts was delayed, Petitioner would still fail to meet his burden.

As the Supreme Court has noted in the § 2255 context, restrictions on free transcripts do not violate the Due Process Clause of the Fifth Amendment because "the usual grounds for successful collateral attacks upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript." *United States v. MacCollom*, 426 U.S. 317, 327–28 (1976) (quoting *United States v. Shoaf*, 341 F.2d 832 (CA4 1964)).  While a transcript might aid in supporting a claim, it will "rarely, if ever" illuminate a reason for collateral attack on a conviction.  *Id.* at 328.  *See, e.g., Perez v. Cate*, 2009 WL 5199409, at *5 (S.D. Cal. 2009) (finding that a petitioner's lack of access to transcripts, among other legal files, does not constitute an extraordinary circumstance justifying equitable tolling because petitioner "does not give concrete examples of the type of information he hoped to obtain from the record or why his direct knowledge of what occurred at trial was insufficient.").

Petitioner provides no reason why a transcript was needed to file his state habeas corpus application.  The undersigned has reviewed Petitioner's state habeas corpus application and all the claims therein could have been asserted without the aid of transcripts.  (*See* Dkt. No. 9-19 at 11-19).  For example, Petitioner complains of counsel's failure to investigate his case, failure to interview witnesses, failure to object to a void restitution order, failure to properly advise him of his sentencing exposure, failure to object to the legal sufficiency of the evidence, and failure to file

a motion to suppress his involuntary confession.  None of these grounds attacks any improper

conduct that occurred during a proceeding for which a transcript would have been available.

This case is substantially similar to the case of *Brown v. Cain*.  112 F. Supp. 2d 585 (E.D.

La.), *aff'd*, 239 F.3d 365 (5th Cir. 2000).   In *Brown*, the petitioner asked the district court to

equitably toll the AEDPA one-year statute of limitations because he was attempting to obtain

transcripts to prepare his post-conviction case.  The district court rejected Petitioner's arguments,

noting that:

> Petitioner argues that much of the seventeen-month period between the time of his
> conviction became final and his filing of an application for State post-conviction
> relief should be equitably tolled because he was waiting for the State to produce
> trial and/or pre-trial hearing transcripts. Petitioner fails, however, to show why he
> needed these transcripts to file his State application.  Furthermore, a review of
> Petitioner's State application indicates that none of the arguments set forth therein
> relied specifically on the transcripts.  Rather, the arguments were essentially legal
> arguments that Petitioner could have lodged without the transcripts.   Indeed
> Petitioner experienced all the pretrial proceedings and the full trial; thus, the legal
> arguments should have been apparent to Petitioner without the transcripts. Without
> a showing that Petitioner specifically required the transcripts to file his State
> application, the Court will not deem any delay in processing Petitioner's request
> for transcripts to have been an impediment to filing his State application. The Court
> therefore will not apply the extraordinary remedy of equitable tolling in this case
> because there has been no showing of any interference with Petitioner's rights that
> would prevent the timely procession of the full panoply of State and federal
> collateral proceedings.

*Id.* at 587.  The facts of the instant case are even weaker than in *Brown* because here there was a

plea agreement and no trial.

Equitable tolling should not be applied where, as here, Petitioner's claimed delay in filing

his state habeas corpus application lacks any specific details about the need for transcripts and

where the legal arguments he asserted in his state application should have been apparent without

such transcripts.

*ii.*     *Delay in Obtaining Case File or Evidence*

Any claim that equitable tolling is warranted due to Petitioner's lack of access to his case file, or other evidence, is without merit. As with the transcripts, Petitioner provides no reason why he "specifically required" his case file in order to file his state habeas corpus application. *Brown*, 112 F. Supp. 2d at 587. Petitioner has the burden of showing "that some extraordinary circumstance stood in his way and *prevented* timely filing." *Holland*, 560 U.S. at 649 (emphasis added). For equitable tolling to apply, a petitioner must show that the "extraordinary circumstances" alleged were the cause of his untimeliness. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing."); *see Krause v. Thaler*, 637 F. 3d 558, 561-62 (5th Cir. 2011) ( "[Petitioner failed to show] how [inadequate legal facilities] constituted state action (or even inaction) preventing him from filing.").

Petitioner does not explain why, in particular, he required his case file before filing his state habeas application, and thus he cannot show how any lack of access to his case file prevented him from timely filing. As with the transcripts, the legal arguments Petitioner asserted in his state application should have been apparent without his case file.

The undersigned further notes that after filing his federal habeas petition, Petitioner contacted the State Bar of Texas "requesting help in mediating and getting his file . . ." (Dkt. No. 14 at 2).[8] In a letter dated September 4, 2019, trial counsel, through a representative, informed

---

[8] Petitioner states that he contacted the State Bar of Texas on July 3, 2019. (Dkt. No. 14 at 2). In support of this particular date, Petitioner cites as an exhibit a letter from the state bar's Client-Attorney Assistance Program. (Dkt. No. 14-1 at 14). This exhibit, dated September 5, 2019, confirms that the state bar received Petitioner's letter. However, Petitioner does not include the letter he sent to the state bar, and thus the undersigned cannot confirm the date on which Petitioner sent the letter.

Petitioner that she could not locate nor provide him a copy of his file.  (Dkt. No. 14-1 at 2).[9]

Petitioner thus did not require any of the materials in the case file he requested in order to file

either his state or federal habeas applications, and cannot show that lack of access to his case file

prevented timely filing.[10]

In a similar case, the Fifth Circuit has previously refused to toll the AEDPA statute of

limitations where a petitioner failed to show

> that not having possession of his trial counsel's file prevented him from filing his
> application, as opposed to proving his claims. . . . [Petitioner] was able to file his
> state habeas application without first obtaining a copy of his trial counsel's file,
> and he ultimately, if belatedly, also filed his § 2254 application without first
> obtaining a copy.  He has not shown that lack of possession of the file prevented
> him from filing his application on time.

Hatcher v. Quarterman, 305 F. App'x 195, 196 (5th Cir. 2008) (emphasis added).

iii.    Delay Based on Lack of Access to Legal Materials

Petitioner asserts that he is entitled to equitable tolling because "[p]rison is a difficult

environment" and that he did not have access to adequate legal materials.  (Dkt. No. 14 at 3).

Given the fact-sensitive nature of the equitable tolling analysis, some courts have found that a lack

of access to legal materials constitutes an extraordinary circumstance.  For example, the Fifth

---

[9] Petitioner describes this letter as "the only piece of evidence received by Petitioner from attorney Cline . . . in five years of trying to get the evidence the State was intending to use against him." (Dkt. No. 14 at 2).  Petitioner provides no specific allegations nor documentation to support any efforts to contact his attorney during the relevant AEDPA statute of limitations period. Petitioner does include a letter he sent to his attorney requesting "copies of all the evidence they plan to use against [him] to enable [him to] plan [his] defense." (Dkt. No. 14-1 at 6).  This letter, however, is dated December 8, 2014, before the AEDPA one-year statute of limitations began to run.  (Id.).

[10] The undersigned separately notes that none of the ineffectiveness claims argued by Petitioner required any reference to portions of his case file.  Petitioner does include as an exhibit in his state habeas application a copy of written attorney notes describing his bond and sentencing exposure.  (Dkt. No. 9-19 at 67-68).  However, Petitioner's affidavit in his state habeas application clearly states that the hand-written notes are "the original copy of condition of bond from trial court, containing trial counsel's handwritten notation on the back and front of it given to me by attorney Cline on December 10th, 2014 at the county jail . . ." (Dkt. No. 9-19 at 70) (emphasis added).

Circuit has noted that "[c]ombined with forced confinement and medication, no access to legal materials, and the temporary loss of one's glasses, a pro se petitioner . . . simply cannot pursue his legal rights during such a period." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Here, Petitioner does not provide any specific details concerning the nature and duration of his lack of access to legal materials. The undersigned notes that Petitioner makes only the conclusory statements that "[a] prisoner cannot go to the prison law library whenever he want[s] to, only when the institution schedule allows him to. [There are] [i]nadequate library resources like out dated books, [and] inadequate time for law library sessions." (Dkt. No. 14 at 3). However, routine restrictions on access to legal materials do not constitute extraordinary circumstances that justify equitable tolling, as such circumstances "amount to no more than the routine incidents and circumstances of prison life." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727 (E.D. Va. 2009) (finding that transfers to different correctional facilities "simply do not rise to the level of extraordinary circumstances" because "petitioner [was] aware of such restrictions on prison life, and should be expected to consider such factors when deciding when to file his habeas petition.").

Numerous courts have rejected equitable tolling arguments where a petitioner's explanations for his tardiness "amount to no more than what could have been expected from the normal operation of a prison system." *Wilson v. Bennett*, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002); *see Brooks v. Olivarez*, 1998 WL 474160, at *2 (N.D. Cal. Aug. 5, 1998) ("Congress gave prisoners one year to get to federal court after their convictions became final. . . . That one year gives the prisoner plenty of time to get to federal court and leaves room for the inevitable delays in mail, unpredictable lockdowns, as well as interruptions in research and writing time common in prison."); *Atkins v. Harris,* 1999 WL 13719, at *2 (N.D. Cal. 1999) ("[L]ockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably

toll the [AEDPA] statute of limitations.  Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.");  *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004), *aff'd*, 545 U.S. 353, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005) (rejecting application of equitable tolling to § 2255 petition because applicant "d[id] not suggest, let alone argue . . . that the transfer of a prisoner from one facility to another is anything but a routine practice").

The only specific allegation that Petitioner makes regarding his lack of access to legal materials is that he "ha[s] legal materials here in storage [he] is not able to retrieve after sending two messages to storage manager and warden."  (Dkt. No. 14 at 3).  However, Petitioner fails to allege with any particularity how lack of access to these legal materials in any way impacted his ability to file his state or federal habeas applications.  *See Allen*, 602 F. Supp. 2d at 729 ("[A]lthough petitioner alleges that he was without access to his legal papers for some period of time, he fails to indicate when he received his documents following his transfer, how long he was without these documents, and *how exactly his lack of access to these materials impacted his ability to file timely his federal habeas application*.") (emphasis added).[11]

    *iv.*    *Delay Based on Lack of Legal Skill or Knowledge*

Petitioner also asks that the Court "look at the entire case and consider the hand he has been dealt with in this case."  (Dkt. No. 14 at 3).  To the extent that Petitioner implies that he is entitled to equitable tolling because of his lack of legal skill or knowledge, the undersigned rejects any such contention.  It is well settled "that a lack of knowledge of the law, however

---

[11] It is unclear what Petitioner means by "legal materials."  His statement regarding "legal materials" that are still in storage occurs in the same paragraph wherein Petitioner complains about inadequate legal resources, e.g. books.  However, "legal materials" can also mean more case-specific materials, e.g. documents from his case file.  Regardless of how such documents are characterized, Petitioner's claim fails because he admits that these legal materials are still in storage.  (Dkt. No. 14 at 3).  Thus, he was able to file both his state and federal habeas applications without the aid of these particular legal materials.

understandable it may be, does not ordinarily justify equitable tolling." *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (refusing to equitably toll where a petitioner's "untimely filing was based on an interpretation of the AEDPA statute of limitations that was reasonable at the time, although it later proved incorrect."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Petitioner fails to provide any reasons why his particular lack of legal skill or knowledge constitutes an extraordinary circumstance justifying equitable tolling.

### E. Petitioner Is Not Entitled to Equitable Tolling Because He Failed to Diligently Pursue His Rights

The undersigned separately finds that, even if extraordinary circumstances existed, Petitioner failed to diligently pursue his rights.[12]  Equitable tolling is not available to "those who sleep on their rights." *Covey v. Ark. River Co.,* 865 F.2d 660, 662 (5th Cir. 1989).  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565.  Determining whether a petitioner has demonstrated reasonable diligence is an "equitable, fact-intensive inquiry" and courts "can and do draw upon decisions made in other similar cases for guidance, exercising judgment in light of precedent, but with awareness of the fact that specific circumstances, often hard to predict, could warrant special treatment in an appropriate case." *Id.*

---

[12] The issue of diligence matters to the equitable tolling inquiry only because diligence keeps active the causal link between an extraordinary circumstance and the failure to file. *See Valverde*, 224 F.3d at 134 ("If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."). Absent an extraordinary circumstance, there simply is no need to ask if a petitioner diligently pursued his rights.

Petitioner was convicted and sentenced pursuant to a plea agreement in state court and filed a direct appeal. His direct appeal was dismissed on April 14, 2015. Petitioner did not file for discretionary review, thus his conviction become final on May 14, 2015. He had until May 16, 2016 – one year after his judgment became final – to file his § 2254 petition.

On August 22, 2017, Petitioner filed an application for writ of habeas corpus in state court, and this application was denied without written order on November 21, 2018. Petitioner did not file the instant § 2254 petition until February 21, 2019.

Petitioner filed his habeas corpus application in state court approximately 15 months after the expiration of the deadline to file his § 2254 petition. Thus, Petitioner would need the district court to equitably toll, at least, approximately 15 months for his § 2254 petition to be considered timely.[13]

Petitioner asserts that he "has been pursuing his rights diligently . . ." (Dkt. No. 14 at 3). Petitioner states that after his direct appeal was dismissed, "[h]e contacted Texas state Counsel for offenders that he was not given copies of what he had signed and whether they could help him in

---

[13] Approximately three months passed between the denial of Petitioner's state habeas application and the filing of his § 2254 petition on February 21, 2019. However, after his application was denied, Petitioner filed a motion asking the court to issue written reasons for the denial of his application on December 20, 2018. (Dkt. No. 9-16 at 1). "AEDPA's one-year statute of limitations is tolled during the period in which a Texas habeas petitioner *has filed* [suggestions or motions for reconsideration]. The tolling lasts only as long as the Texas courts take to resolve the motion or suggestion for reconsideration." *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). The undersigned does not take a position on whether Petitioner's motion tolled any portion of the three-month period under *Emerson*. This three-month period is not relevant because Petitioner has not shown that he is entitled to equitable tolling for the entire 15-month period prior to filing his state habeas petition. Petitioner would still need the entire 15-month time period prior to the filing of his state habeas petition to be equitably tolled before the undersigned would need to determine what portion, if any, of the three-month period was equitably tolled under *Emerson*. Furthermore, the undersigned notes that Petitioner would need the entire three-month period to be tolled for his federal habeas petition to be considered timely. Because the undersigned finds that Petitioner has failed to show that he is entitled to equitable tolling for any portion of the 15-month period prior to the filing his state habeas petition, there is no need to determine if any of the three-month period was equitably tolled.

his case." (*Id.* at 1). He further asserts that after his appeal was denied, he requested his case file from trial counsel and transcripts from the Harris County District Clerk. (*Id.* at 2).

Petitioner bears the burden of establishing that he has been pursuing his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Nothing in the record supports Petitioner's claims of diligence, nor does he provide anything other than bald assertions to support his claims. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

In addition to the lack of supporting evidence, Petitioner's claims also lack any specificity. Petitioner makes no allegations as to any specific attempts to file his § 2254 petition prior to the expiration of the one-year AEDPA statute of limitations, nor any specific attempts to address impediments to such filing. In contrast, Petitioner specifically alleges and provides evidence in support of his attempts to contact the State Bar of Texas and his trial counsel after the deadline to file his § 2254 petition expired. (*See* Dkt. No. 14 at 2).

Lastly, the Supreme Court has noted that a state prisoner may file a "protective" petition in federal court "asking the federal court to stay and abbey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416. Although not dispositive, the undersigned notes that Petitioner failed to file a protective federal habeas petition. *See Palacios v. Stephens*, 723 F.3d 600, 608 (5th Cir. 2013) ("Under the circumstances, [Petitioner]'s failure to file a protective federal habeas petition weighs against, but is not dispositive of, the reasonable diligence inquiry.").

For all the above reasons, the undersigned finds that Petitioner demonstrated a lack of reasonable diligence in pursuing his federal rights.

## IV.  EVIDENTIARY HEARING

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).  When ruling on a motion for summary judgment in a civil case, a court must view the facts in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  However, summary judgment in federal habeas is different than the average civil case.  *See, e.g., Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir.2002), *abrogated on other grounds by Tennard v. Dretke,* 542 U.S. 274, 124 (2004) ("§ 2254(e)(1)— which mandates that findings of fact made by a state court are 'presumed to be correct'—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless [the petitioner] can 'rebut [ ] the presumption of correctness by clear and convincing evidence' as to the state court's findings of fact, they must be accepted as correct." (second alteration in original)).

"Under AEDPA, a habeas petitioner's entitlement to an evidentiary hearing when he has failed to develop the factual basis of a claim is restricted to the narrow exceptions of 28 U.S.C. § 2254(e)(2)." *Clark*, 202 F.3d at 765.  However, AEDPA does not govern non-merit evidentiary hearings on excuses for failing to comply with statutory requirements, and courts thus apply the approach developed prior to AEDPA for when to hold an evidentiary hearing in a habeas case. *Vineyard v. Dretke*, 125 Fed. Appx. 551, 553-54 (5th Cir. Mar. 14, 2005) (per curiam) (unpublished) (citing *Cristin v. Brennan*, 281 F.3d 404, 412-13 (3rd Cir. 2002) (holding that § 2254(e) does not apply to issue of propriety of evidentiary hearing "on excuses for procedural default").

Prior to the enaction of AEDPA, the Fifth Circuit "consistently held that when there is a factual dispute which if resolved in the petitioner's favor, would entitle [the petitioner] to relief and the state has not afforded the petitioner a full and fair hearing, a federal habeas corpus petitioner is entitled to discovery and an evidentiary hearing." *Clark*, 202 F.3d at 766 (alteration in original) (citations omitted).

Furthermore, Petitioner "bears the burden of proof concerning equitable tolling." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Thus, where, as here, the Respondent argues that a § 2254 petition is time barred, an evidentiary hearing is warranted only if Petitioner's "allegation[s] raise a genuine issue of material fact that he is entitled to equitable tolling." *Douglas v. Dretke*, No. CIV.A.H-05-0851, 2005 WL 2792384, at *5 (S.D. Tex. Oct. 26, 2005); *see Scott*, 550 U.S. at 380 ("The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (citations omitted).

Considering all the facts in the light most favorable to Petitioner, the undersigned finds that Petitioner has failed to meet his burden; his allegations do not raise a genuine issue of material fact as to whether he is entitled to equitable tolling. *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."). In particular, Petitioner's allegations, even if true, do not raise a genuine issue of material fact as to whether he pursued his rights diligently and whether some extraordinary circumstance stood in his way and prevented the timely filing of his federal petition.

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380. Here, the record shows that Petitioner signed a plea agreement and that all his habeas claims are based on the conviction and sentence resulting from this plea agreement; claims which should have been apparent to Petitioner without any transcript or case file or other evidence. Petitioner did not file his state habeas application until 15 months after the expiration of the deadline to file his § 2254 petition. Petitioner would need the District Court to equitably toll, at least, 15 months for his federal petition to be considered timely. Petitioner nowhere offers any colorable explanation for his delay in filing his state or federal habeas applications. For all these reasons, an evidentiary hearing is not warranted.

## V.    CONCLUSION

### *Recommended Disposition*

After careful review of the record and relevant law, the undersigned respectfully recommends that Respondent's motion for summary judgment (Dkt. No. 8) be **GRANTED**, that Petitioner's § 2254 petition (Dkt. No. 1) be **DENIED**, that Petitioner's claims be **DISMISSED** with prejudice, and that the case be closed.

### *Certificate of Appealability*

It is recommended that the District Court **DENY** a Certificate of Appealability ("COA").

Pursuant to 28 U.S.C. § 2253(c)(1)(A), a petitioner may not appeal the final order of a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). The Rules Governing Section 2254 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, The Rules Governing Section 2254 Proceedings. Because it is recommended

that Petitioner's § 2254 motion be dismissed, the undersigned must address whether he is entitled to a COA.

A petitioner is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether [The undersigned] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Because the undersigned finds that Petitioner fails to meet this threshold, it is recommended that the District Court deny a COA.

### *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 28th day of February, 2020, at McAllen, Texas.

J. SCOTT HACKER
United States Magistrate Judge