United States District Court
Southern District of Texas
FILED

JAN 21 2021

Nathan Ochsner, Clerk



United States District Court
Southern District of Texas
**ENTERED**
January 21, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| IME OKON EKWERE, § § Petitioner, § § VS. § § LORIE DAVIS, Director, Texas § Department of Criminal Justice, § Correctional Institutions Division, § § Defendant. § | CIVIL ACTION NO. 7:19-CV-00092 |

## REPORT AND RECOMMENDATION

Petitioner IME OKON EKWERE has filed a *pro se* Motion to Reopen (Dkt. No. 24) this case involving a collateral attack on his state conviction under 28 U.S.C. § 2254, which was recently dismissed by the District Court upon the undersigned's report and recommendation. In support, Petitioner alleges that he was deported to his home country of Nigeria in the weeks leading up to the dismissal and that his due process rights were violated by immigration officials in the process. (Dkt. No. 24 at 1). Given its timing, the Motion to Reopen is properly construed as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). After review of the record and relevant law, the undersigned respectfully RECOMMENDS that the Motion to Reopen (Dkt. No. 24), properly construed as a Rule 60(b) motion, be DENIED.[1]

---

[1] A dispositive motion must be referred to a magistrate judge only for report and recommendation. *Mahar v. GC Servs., L.P.*, 2015 WL 1637672, at *1 n.1 (W.D. Tex. Apr. 13, 2015) (citing 28 U.S.C. § 636(b)); *see also* Fed. R. Civ. P. 72(b)(1) (providing that "[a] magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense" and "must enter a recommended disposition, including, if appropriate, proposed findings of fact"). Motions seeking relief from a judgment are commonly treated as dispositive and, therefore, subject to report

## I. BACKGROUND

When he filed his petition for collateral relief, Petitioner was being held as an inmate in the custody of the Texas Department of Criminal Justice, Criminal Institutions Division, at the Segovia Unit in Edinburg, Texas, serving a sentence of ten years' imprisonment on a conviction for theft. (Dkt. No. 1 at 2, 10).

On February 28, 2020, the undersigned issued a report and recommendation for dismissal of the petition. (Dkt. No. 16). Dismissal was recommended on the basis that the petition was filed outside the applicable one-year limitations period. (*Id.* at 4-18). Petitioner was advised that he had fourteen days to file objections to the report and recommendation. (*Id.* at 21).

Petitioner submitted a response and objections to the report and recommendation, which were received by the Clerk of Court on March 19, 2020. (Dkt. Nos. 18, 18-6).

Based on his allegations in the Motion to Reopen, it was in August of 2020 that Petitioner was released from state custody and deported to Nigeria. (Dkt. No. 24 at 1).

On September 1, 2020, the District Court issued an order adopting the report and recommendation and dismissed the petition with prejudice. (Dkt. Nos. 19, 20).

Petitioner then proceeded to submit the Motion to Reopen. Notably, the Motion to Reopen is dated September 29, 2020 and postmarked October 11, 2020 but was received by the Clerk on December 3, 2020. (Dkt. Nos. 24, 24-2).

## II. GROUNDS FOR RELIEF

Petitioner pleads in support of the Motion to Reopen as follows:

> Petitioner was deported about August 17, 2020 on account of this case on a chartered flight from Alexandria, Louisiana to Lagos, Nigeria.

---

and recommendation. *See, e.g., Shaffer v. Perry's Restaurants, Ltd.*, 2019 WL 2366713 (W.D. Tex. June 5, 2019) (report and recommendation issued on Rule 59(e) motion); *Jameson v. Lumpkin*, 2020 WL 7213133 (N.D. Tex. Nov. 3, 2020) (report and recommendation issued on Rule 60(b) motion).

> Petitioner mailed a change-of-address letter to the court on August 24, 2020 from Lagos.
>
> Because of the Covid-19 pandemic, all international flights between Nigeria and the United States were canceled until about September 3, 2020, which may account for the delay or loss of the change-of-address letter to the court.
>
> This case was dismissed on September 1, 2020.
>
> Petitioner's due process rights were violated because immigration officials deported him without any travel documents issued by the Nigerian embassy in the United States. Those who resisted and demanded to see travel documents were placed in strait jackets and thrown into the plane.

(Dkt. No. 24 at 1 (edited for clarity and readability)).

Petitioner also requests injunctive relief in the form of an order compelling immigration officials to pay for his return flight to the United States. (*Id.*).

## III. LEGAL STANDARDS

Because the timing of the filing of the Motion to Reopen determines whether it is to be construed as a motion under either Rule 59(e) or Rule 60(b)—two related types of motions implicating relief from a judgment—the undersigned will discuss the legal standards applicable to when a document is deemed "filed," the timing and construction of motions for relief from judgment, and the respective standards of review under Rule 59(e) and Rule 60(b).

### A. When a Document Is Deemed "Filed"

With respect to the filing of court documents, Rule 5 provides in relevant part that "[a] paper not filed electronically is filed by *delivering* it ... to the clerk ...." Fed. R. Civ. P. 5(d)(2)(A) (emphasis added). The general rule is that a document submitted by postal mail is deemed "filed" on the date it is received by the clerk, not the date it was sent. *Silver v. Dalessandro*, 2019 WL 5902645, at *4 (E.D.N.Y. Oct. 28, 2019) (citing *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000)), *report and recommendation adopted*, 2019 WL 5895469 (E.D.N.Y. Nov. 12, 2019);

*see also Ellis v. Clarksdale Pub. Utilities*, 2020 WL 6708758, at *3 n.4 (N.D. Miss. Nov. 13, 2020) (citing Fed. R. Civ. P. 5(d)(2)(A)); *City of Del Rio v. CH2M Hill, Inc.*, 2010 WL 11506421, at *5 (W.D. Tex. Jan. 25, 2010) (citing *McIntosh v. Antonio*, 71 F.3d 29, 36 (1st Cir. 1995)), *report and recommendation adopted*, 2010 WL 11506372 (W.D. Tex. Mar. 30, 2010). "[T]he Federal Rules of Civil Procedure do not authorize filing to be accomplished by deposit of papers in the mail." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. 2006).

An exception to this general rule applies for incarcerated *pro se* litigants under the "prison mailbox rule," which says that filing is accomplished when a paper is placed in the possession of prison officials for forwarding to the court. *Silver*, 2019 WL 5902645 at *4 n.4 (citing *Houston v. Lack*, 487 U.S. 266, 275-76 (1988)).

These principles typically apply in determining the filing date for motions for relief from judgment. *See Parris v. Keystone Foods, LLC*, 2013 WL 4851498, at *1 n.1 (N.D. Ala. Sept. 11, 2013) (deeming Rule 59(e) motion filed upon delivery to clerk's office); *see also Kareem v. FDIC*, 811 F. Supp. 2d 279, 281-82 (D.D.C. 2011) ("[W]hen a non-prisoner plaintiff mails a motion [for relief from judgment under Rule 59(e) or Rule 60(b)] to the Court, the filing date is the date on which the motion was received, not the date on which the motion was sent."), *aff'd*, 482 F. App'x 594 (D.C. Cir. 2012) (per curiam).

### B. Timing and Construction of Motions for Relief from Judgment

Rule 59(e) and Rule 60(b) provide separate mechanisms for relief from final judgments. *Kareem*, 811 F. Supp. 2d at 281.

A motion asking the court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b), depending on when the motion was filed. *In re Franklin*,

--- F. App'x ---, 2020 WL 7756011, at *1 (5th Cir. Dec. 29, 2020) (per curiam) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012)) (quotations omitted). A Rule 59(e) motion must be filed no later than 28 days after the entry of the judgment, Fed. R. Civ. P. 59(e), but a Rule 60(b) motion need only be filed "within a reasonable time" and, depending on the basis for the reconsideration, "no more than a year after the entry of the judgment," Fed. R. Civ. P. 60(c)(1). *Kareem*, 811 F. Supp. 2d at 281 (quotations omitted and internal citations modified). A motion seeking relief from judgment should therefore be construed as one under Rule 59(e) if filed within 28 days of the judgment being challenged and as one under Rule 60(b) if filed more than 28 days after the challenged judgment. *See Franklin*, 2020 WL 7756011 at *1 (citing *Demahy*, 702 F. 3d at 182 n.2) (quotations omitted).

That said, where a Rule 60(b) motion following the denial of collateral relief seeks to add a new claim or attacks the previous resolution of a claim on the merits (as opposed to the failure to reach the merits on some procedural basis, e.g., limitations), the motion should be construed as a second or successive petition and subject to those restrictions. *See id.* (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005)); *see also Gonzalez*, 545 U.S. at 532 n.4.

**C. Rule 59(e) Motions**

Rule 59(e) allows for the filing of a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

A motion under Rule 59(e) "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). The rule "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dept. of Employment*

*Security*, 455 U.S. 445, 450 (1982)). Considering its corrective function, courts usually rely on Rule 59(e) only to reconsider matters encompassed in merits-based decisions. *Id.*

Accordingly, in order to prevail on a Rule 59(e) motion, the movant must show either: (i) a manifest error in law or fact; (ii) an intervening change in controlling law; or (iii) the availability of new evidence not previously available. *Smith v. Stephens*, 2014 WL 3728602, at *3 (N.D. Tex. July 28, 2014) (citing *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Indeed, the Fifth Circuit has recognized that reconsideration under Rule 59(e) is "an extraordinary remedy that should be used sparingly." *Id.* at 479.

## D. Rule 60(b) Motions

Whereas Rule 59(e) derives from a common-law court's plenary power to revise its judgment before appeal, Rule 60(b) codifies various writs used to collaterally attack an already completed judgment. *Banister*, 140 S. Ct. at 1709-10.

Rule 60(b) provides that, on motion and just terms, the court may relieve a party from a final judgment, order, or proceeding under a limited set of circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Where relief is sought based on circumstances sounding in mistake, the movant must point to "litigation mistakes or legal mistakes in the judgment." *In re Wilkinson*, 457 B.R. 530, 540 n.9 (Bankr. W.D. Tex. 2011). More specifically, relief is intended where: (i) the movant has made an excusable litigation mistake or their attorney has acted without authority; or (ii) the judge has made a substantive mistake of law or fact. *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). It goes without saying that the mistake in question must relate to the judgment or order at issue. *See Sizemore v. Hissom*, 2014 WL 1411814, at *3 (S.D. Ohio Apr. 11, 2014).

To succeed based on newly discovered evidence, the movant must show that: (i) they exercised due diligence in obtaining the information; and (ii) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005).

Relief based on fraud requires a showing, by clear and convincing evidence, that the opposing party's misconduct prevented the movant from fully and fairly presenting their case. *Id.* at 641. What is required is some deliberate misdeed by the opposing party that adversely impacted the fairness of the relevant legal proceeding. *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 455 (6th Cir. 2008). The movant need not show that the outcome of the case would have been different absent the misconduct, only that the judgment was unfairly obtained. *Pruco Life Ins. Co. v. Breen*, 2018 WL 4503945, at *4 (E.D. La. Sept. 20, 2018) (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)).

As for the "catch-all" clause, the reason for relief cannot be for the same reason sought under any other subsection of the rule. *Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019) (per

curiam). The catch-all clause is meant to address "unforeseen contingencies," serving as "a means for accomplishing justice in exceptional circumstances." *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986).

A Rule 60(b) motion must generally be made within a reasonable time but, if made under subsections (1), (2), or (3), no longer than one year after the entry of judgment or the challenged proceeding. Fed. R. Civ. P. 60(c)(1).

## IV. DISCUSSION

Here, Petitioner was not in custody when he mailed the Motion to Reopen but had already been deported to Nigeria. This means that Petitioner is not entitled to the benefit of the prison mailbox rule. Instead, under the general application of Rule 5, the filing date for the Motion to Reopen is determined by the date on which it was delivered to the Clerk, that is, December 3, 2020. The date of delivery fell well outside the 28-day window for the filing of a Rule 59(e) motion. Accordingly, the Motion to Reopen is properly construed as a motion for relief from judgment under Rule 60(b).

In terms of grounds for reconsideration, Petitioner does not raise any allegations of mistake relating to the District Court's decision as to the untimeliness of the underlying petition. He does not claim to have discovered new evidence that impacted his state conviction. Petitioner does not allege that Respondent committed some sort of fraud affecting the fairness of these legal proceedings.[2] Nor does he appear to take issue with the judgment itself. Otherwise,

---

[2] Insofar as Petitioner would argue that his deportation prevented him from presenting his case, it must be noted that his deportation would have been carried out by federal immigration officials, not Respondent, and that the deportation otherwise occurred several months after Petitioner submitted objections to the undersigned's report and recommendation.

8 / 10

reconsideration under Rule 60(b)'s catch-all provision is not justified, as Petitioner's claim that his due process rights were violated by the deportation is unrelated to the District Court's decision.[3]

For these reasons, relief from judgment under Rule 60(b) is unwarranted,[4] and the Motion to Reopen is otherwise without merit.

## V. CONCLUSION

### *Recommended Disposition*

After review of the record and relevant law, the undersigned Magistrate Judge respectfully RECOMMENDS that the Motion to Reopen (Dkt. No. 24), properly construed as a motion for relief from judgment under Rule 60(b), be DENIED.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

---

[3] If anything, Petitioner's request for relief in the form of an order compelling his return flight to the United States suggests a different lawsuit altogether. Constitutional deprivations at the hands of federal officials may give rise to claims for monetary relief under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and declaratory and injunctive relief under other statutory and judge-made frameworks. But because Petitioner has failed to follow the procedures for the filing of a new lawsuit, such matters should not be considered at this time.

[4] Even if the Motion to Reopen were construed as a Rule 59(e) motion, relief would be similarly unwarranted. Petitioner makes no attempt to establish either a manifest error in law or fact, an intervening change in controlling law, or the availability of new evidence, let alone some other issue related to a decision on the merits.

### *Directive to Clerk of Court*

The Clerk of Court is hereby DIRECTED to update Petitioner's address as indicated in his Change of Address notification (Dkt. No. 24-1) as follows: 2307 Bivens Brook Drive, Houston, Texas 77067. The Clerk is further DIRECTED to forward a copy of this document to the parties by any receipted means.

DONE at McAllen, Texas this 21st day of January 2021.

J. SCOTT HACKER
United States Magistrate Judge